IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.   07-cr-40043-01-JPG |
| JEFFREY L. DEVIN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistant Federal Public Defender Judith A. Kuenneke's Motion (Doc. 74) to Withdraw and "No Merits" Statement.  Ms. Kuenneke entered her appearance for the sole purpose of determining whether defendant Jeffrey L. Devin was entitled to a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (Doc. 72).   The Government has filed a response (Doc. 77) concurring with the reasoning in the motion to withdraw and indicating that the defendant is not eligible for a reduction.

The defendant entered a guilty plea to one count of conspiracy to manufacture in excess of 50 grams of methamphetamine and one count of possession of equipment, chemicals, products and materials used to manufacture methamphetamine.  (Doc. 14).    On October 11, 2007, the defendant was sentenced to the custody of the Bureau of Prisons for a term of 280 months, supervised release for a term of eight years, special assessment of $200.00 and a fine of $500.00. (Doc. 41).   At sentencing, the Court found that the defendant was a career offender under U.S.S.G. § 4B1.1.[1]

---

[1] 2006 Guideline Manual.

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 were retroactive and became retroactively effective on November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1. Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first

criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Therefore, the Court **GRANTS** Assistant Federal Public Defender Judith A. Kuenneke's Motion (Doc. 74) to Withdraw and "No Merits" Statement.   The Clerk of Court is **DIRECTED** to terminate Assistant Federal Public Defender Judith A. Kuenneke as counsel for defendant Jeffrey L. Devin.

**IT IS SO ORDERED.**

**DATED:**   9/22/2016

> *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **U.S. DISTRICT JUDGE**